## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH BRISTOL, DAVID BRISTOL, on behalf of plaintiffs and a class, <br><br> Plaintiffs, <br><br> v. <br><br> ACCOUNT MANAGEMENT RESOURCES, LLC; ROBINSON HOOVER & FUDGE, PLLC; and DOES 1-10 <br><br> Defendants. | Case No. CIV-15-1049-R |

## **ORDER**

Before the Court are two motions to bifurcate (Doc. Nos. 22 & 24) filed separately by Defendants Robinson Hoover & Fudge, PLLC ("RHF") and Account Management Resources, LLC ("AMR"). Both motions ask this Court to bifurcate this putative class action into a merits phase and a class certification phase. Plaintiffs Sarah and David Bristol oppose the motions. (Doc. No. 25). Upon consideration of the parties' arguments, the Court finds as follows.

**I.     Relevant Background & Procedural History**

This lawsuit is a putative class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Defendant RHF, seeking to collect on a medical debt allegedly assigned to Defendant AMR, filed a lawsuit in state court against Plaintiffs. In conjunction with the lawsuit, Plaintiffs were served with a summons, a petition, and a form document (the "Form"). Plaintiffs filed the current action, alleging

1

that the Form violates the FDCPA's prohibition on false or misleading representations. Plaintiffs seek to represent a class of "(a) all natural persons (b) to whom RHF provided a document in the form represented by [the Form] (whether on behalf of AMR or someone else) (c) which document was filed or served on or after a date one year prior to filing of this action and (d) on or before a date 21 days after the filing of this action." Compl., at ¶ 34. Plaintiffs also seek to certify a subclass of "class members where RHF was acting as attorney for AMR," as opposed to representing another entity. *Id.*, ¶ 35. Plaintiffs allege the predominant question is whether the Form violates the FDCPA. *Id.* at ¶ 37.

Noting the substantial cost and burden of class litigation, Defendants RHF and AMR separately filed motions to bifurcate the proceedings into an initial "merits" phase and a subsequent "class" phase. Defendant RHF proposes that the merits phase address the sole question of whether the Form violates the FDCPA. Defendant AMR joins RHF in that request and additionally asks that the merits phase address the issue of its vicarious liability. Both Defendants urge that their respective issues are potentially dispositive and could help to streamline, if not moot, subsequent class litigation. Specifically, Defendants argue, if the Court finds that the Form does not violate the FDCPA, that would dispose of this case entirely. Similarly, if the Court finds that AMR is not vicariously liable for RHF's actions, then certain issues, including the necessity of a subclass, will be moot. Defendants also note that these issues will involve relatively modest discovery. In contrast, Defendants argue, certification-related issues are numerous and complex. Among other things, the issues include identifying putative class members amongst the "thousands" of debtors that Defendant has sued, determining which version (if any) of the

Form each putative class member received,[1] and assessing whether a subclass like the one Plaintiffs propose is necessary.

In response, Plaintiffs seem to tacitly acknowledge that resolution of these threshold issues has the potential to streamline the litigation and that class certification will involve the issues that Defendants have identified. Nevertheless, Plaintiffs oppose bifurcation, contending it will protract and complicate discovery. Specifically, Plaintiffs argue that merits and class-based discovery will overlap significantly and lead to discovery disputes. However, the only such example Plaintiffs proffer is that "in determining whether the unsophisticated or least sophisticated consumer would be misled or confused by the communication at issue, the reactions of actual class members to the communication at issue may be relevant to that determination." Plaintiffs also contend that Defendants' motions implicitly seek to defer discovery on Defendants' affirmative defenses, a contention Defendant RHF denies in reply.[2]

## II. Analysis

Defendants' motions seek to bifurcate this action into a "merits phase" and a "class certification phase." To the extent Defendants seek separate trials, rather than just bifurcation of discovery, neither Defendant has shown that separate trials would promote judicial economy or expediency. Accordingly, such a request would be DENIED.

Whether to bifurcate discovery rests within the sound discretion of the district court. *Loreaux v. ACB Receivables Mgmt., Inc.*, No. CIV.A. 14-710 MAS, 2015 WL

---

[1] Defendants identify two versions of the Form – a version that is "stamped" with a case number and one that is "unstamped" without a case number.

[2] Defendant AMR did not file a reply.

5032052 (D.N.J. Aug. 25, 2015) ("the broad discretion afforded courts in handling discovery disputes extends to decisions over bifurcating discovery"); *see also Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303 (D. Colo. 1998) (pre-certification discovery may be subject to limitations within the sound discretion of the court). The inquiry is guided, though not directly governed, by the standards articulated in Federal Rule of Civil Procedure 42, the rule governing separate trials. Accordingly, motions to bifurcate discovery may be granted "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also Charvat v. Plymouth Rock Energy, LLC*, No. 15CV4106JMASIL, 2016 WL 207677, at *1 (E.D.N.Y. Jan. 12, 2016). Under this rubric, Courts have permitted bifurcation between merits and class discovery where the merits involve relatively straightforward issues and could streamline or moot class-wide litigation. *See, e.g., Leschinsky v. Inter-Cont'l Hotels Corp.*, No. 8:15-CV-1470-T-30MAP, 2015 WL 6150888 (M.D. Fla. Oct. 15, 2015) (bifurcating class and merits discovery to first determine merits of plaintiffs' claims); *Loreaux*, 2015 WL 5032052 (same).

The Court finds bifurcation of discovery is warranted. Defendants have presented a compelling case that such bifurcation will promote judicial economy and expediency. Whether the Form violated the FDCPA and whether AMR can be held vicariously liable for RHF's actions are narrow, straightforward, and potentially dispositive issues. Moreover, litigation of these issues should involve relatively modest discovery which will not implicate class-wide issues. Plaintiffs' only argument to the contrary is that the actual impressions of putative class members are relevant for both the merits and class

considerations; however as Defendants point out, Plaintiffs fail to explain how actual class members' impressions would be relevant in either phase, given that courts employ an objective "least sophisticated" or "unsophisticated" consumer standard to evaluate FDCPA claims. *See Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015) (applying the "least sophisticated consumer" standard); *see also Gallegos v. LVNV Funding LLC*, No. 2:14-CV-516-DAK, 2016 WL 917930, at *3 (D. Utah Mar. 10, 2016) ("To determine whether a debt collector has violated the FDCPA by engaging in any of this prohibited conduct, the majority of courts apply an objective standard based on the least sophisticated consumer.") (citations omitted).[3] Furthermore, as to Plaintiffs' contention that Defendants seek to defer discovery on their merits-based affirmative defenses, Defendant RHF has denied Plaintiffs' contention. In any event the Court would deny such a request.

## III.  Conclusion

The Court finds that bifurcation of this matter as follows is appropriate: The initial "merits phase" will consist of discovery and briefing on two issues: (1) whether the Form violates the FDCPA and (2) whether AMR can be held liable for RHF's actions. At the end of this phase, the parties may file dispositive motions on whether the Form violated the FDCPA and/or any relevant affirmative defenses. Should the case survive this phase, the parties will proceed into the "class certification phase," during which the parties

---

[3] Courts differ on whether they use the "least sophisticated consumer" test or the "unsophisticated consumer test," and whether the differences between such tests are material. The Tenth Circuit does not appear to have explicitly adopted either doctrine, but has either referenced or applied the "least sophisticated consumer" test in two unpublished opinions. *See Fouts*, 602 F. App'x at 421; *Ferree v. Marianos*, 129 F.3d 130, at *1 (10th Cir. Nov. 3, 1997) (unpublished). This Court declines to address these issues at this juncture. Regardless of any differences in application, both tests employ an objective standard.

would engage in discovery and briefing on whether the claims at issue are amenable to class treatment.

In accordance with the foregoing, the Court GRANTS in part and DENIES in part the Defendants Motions to Bifurcate (Doc. Nos. 22, 24). The Motions are GRANTED to the extent they seek bifurcation of discovery. The Motions are DENIED to the extent they seek separate trials.

The Court DIRECTS Defendants to meet and confer with the Plaintiffs and submit a joint proposed discovery and briefing schedule for the "merits phase" by **March 31, 2016**.

IT IS SO ORDERED, this 17th day of March, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE